UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| TEAVER | CIVIL ACTION |
|---|---|
| VERSUS | NO: 10-1523 |
| SEATRAX OF LOUISIANA, INC. ET AL | SECTION: "J"(5) |

**ORDER**

Before the Court are Defendants Alford Services, Inc. ("Alford") and Bruce Alexander ("Alexander")'s Motion for Summary Judgment (Rec. Doc. 143), Plaintiff Robert Teaver ("Teaver")'s opposition to same (Rec. Doc. 151), and the Defendants' reply (Rec. Doc. 155). The motion is set for submission on supporting memoranda and with oral argument held on June 6, 2012. Having considered the motion and legal memoranda, the record, and the applicable law, the Court finds that the motion should be DENIED.

The Court finds that there is a genuine factual dispute concerning the scope of Alexander's duties, specifically, whether Alford's contractually assumed duties included the provision of a safety representative who would have had a duty to stop unsafe

1

work practices such as those in which Teaver was allegedly engaged. Alexander testified that, practically speaking, the "HSE" designation did not add much, if anything, to his primary role as a paramedic. However, this is in direct contravention to Mariner Energy, Inc. ("Mariner") corporate representative Jack Leezy ("Leezy")'s description of Alexander's job title as a hybrid "medic/clerk/safety representative." Although there has been testimony that this title has been construed to emphasize the "medic" component as Alexander's primary function, Leezy directly testified that a person in Alexander's position had a duty to stop an unsafe practice that he observed. Resolving this disputed fact in nonmovant Teaver's favor for summary judgment purposes, because Alford (and its employee, Alexander) undertook a contractual duty via an agreement with Mariner to oversee safety on the platform, Alford and Alexander owed a duty to Teaver to act with reasonable care in addressing issues of workplace safety. See Bujol v. Entergy Servs., Inc., 2003-0492 (La. 5/25/04); 922 So. 2d 1113, 1129 ("[U]nder Louisiana jurisprudence, parties who voluntarily assume certain duties for workplace safety must perform those duties in a reasonable and prudent manner."); In re FEMA Trailer Formaldehyde Prods. Liab. Litig., --- F. Supp. 2d ----, MDL No. 07-1873, 2012 WL 137803, at

2

*13 (E.D. La. Jan. 18, 2012) ("Louisiana courts have long held that where a person voluntarily undertakes to perform a task, he thereby assumes the duty to exercise reasonable care in the performance of that task . . . .").[1]

The Court finds that there is a genuine issue of material fact concerning whether Alford and Alexander owed a duty to Teaver in this case, which precludes summary judgment. Accordingly,

**IT IS ORDERED** that Defendants Alford Services, Inc. and Bruce Alexander's Motion for Summary Judgment (Rec. Doc. 143) is hereby **DENIED**.

New Orleans, Louisiana, this 14th day of June, 2012.

_____
CARL J. BARBIER
UNITED STATES DISTRICT JUDGE

---

[1] The Louisiana Supreme Court in Bujol cited to the Restatement (Second) of Torts and referred to the applicable rule as the "voluntary assumption of duty doctrine." 922 So. 2d at 1129. Because there is a factual dispute as to whether Alford and Alexander voluntarily assumed a duty, the Court need not address their arguments with respect to any "duty to intervene."